UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CARLOS VARELA,

Plaintiff,                          DECISION AND ORDER

-v-                               14-CV-6354 CJS

L. ROTH, NURSE ADMINISTRATOR,,

Defendant.

INTRODUCTION

This is an action pursuant to 42 U.S.C. § 1983 in which prison inmate Carlos Varela ("Plaintiff") alleges that Defendant, a Nurse Administrator at Gowanda Correctional Facility ("Gowanda"), violated his federal constitutional rights by failing to provide appropriate medical treatment for his "groin pain." Now before the Court is Defendant's motion for summary judgment (Docket No. [#11]). The application is granted and this action is dismissed.

BACKGROUND

The Complaint [#1] alleges that beginning in September 2013, while at Gowanda, Plaintiff began complaining to the facility medical staff about groin pain. The Complaint indicates that Plaintiff was seen for this condition, through "sick call and emergency call," "at least a dozen times." However, the Complaint indicates that Plaintiff's pain persisted. Plaintiff's primary contention is that his request to be treated by "a specialist" at "a[n] outside hospital" was not granted. Notably, the Complaint does not mention Defendant, or any other person, by name, except in the caption. Instead, the factual portion of the Complaint merely refers to "medical staff."

On September 18, 2014, Defendant filed the subject motion for summary judgment [#11].[1]  The motion is supported by, *inter alia*, an affidavit [#11-4] from Defendant, indicating the following: 1) she never examined Plaintiff; 2) she does not have authority to approve or deny requests for medication, consultations or medical procedures; and 3) her involvement with Plaintiff's medical care was limited to her writing two letters to him in response to his correspondence.  Plaintiff's and Defendant's letters are contained in the record.

Defendant's first letter, dated October 28, 2013, which was sent in response to a request by Plaintiff for a second opinion, directed Plaintiff's attention to  the Department of Corrections and Community Supervision's ("DOCCS") Health Policy No. 7.02, entitled "Inmate Provider of Choice."  That policy, which Defendant provided to Plaintiff, stated,  in pertinent part, that inmates have the opportunity to  request a consultation with a doctor of the inmate's own choosing, at the inmates' own cost.

Defendant's second letter, dated December 3, 2013, was sent in response to a letter from Plaintiff  in which he stated that he was still experiencing groin pain, despite having been seen by a doctor on six occasions.   Plaintiff's letter further indicated that due to his continued complaints, a nurse had contacted an "outside doctor," who had performed ultrasound testing of Plaintiff's testicles, the results of which Plaintiff was still awaiting. Plaintiff complained, though, that he believed the doctor should have performed the ultrasound testing on his hips and not his testicles.  In response to such letter, Defendant wrote:  "The care you are receiving is appropriate.  You have been evaluated several times

---

[1]Defendants served Plaintiff with an *Irby* notice, as required by Local Rule of Civil Procedure 56(b). *See*, Docket No. [#9].  Both the Notice of Motion and *Irby* notice referred to Local Rule 56, and advised Plaintiff that the action might be dismissed if he failed to respond.

by the nurses, NP, and doctor.  Lab tests do not indicate any abnormalities.  We are awaiting results from the ultrasound.  You will receive notification of the results via mail."

In addition to this correspondence, Defendant submitted portions of Plaintiff's facility medical record which, she maintains, "reflect [that] Plaintiff has now been seen by several doctors, and has had bloodwork at least three times, in addition to x-rays, an ultrasound and cytoscopy."  Defendant further states that such records indicate that Plaintiff has not complained about groin pain since June 2014, although such fact is not dispositive of Plaintiff's claim, since he appears to be complaining about the period between September 2013 and May 2014.

On October 21, 2014, the Court issued a Motion Scheduling Order [#15], directing Plaintiff to file and serve any response to the motion by November 21, 2014.  The Motion Scheduling Order was mailed to Plaintiff at Gowanda, which is the address he provided,[2] and was not returned.  However, Plaintiff has not filed any response to Defendant's motion.

DISCUSSION

*Rule 56*

Summary judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  Summary judgment is appropriate only where,

---

[2]Rule 5.2(d) of the Local Rules of Civil Procedure states, in pertinent part:  "A party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant. The Court will assume that the litigant has received papers sent to the address they provide. The Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice."

"after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).  Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

At the outset, the Court must consider how much solicitude to extend to Plaintiff, in light of the fact that he did not respond to Defendants' motion.  Plaintiff signed his complaint under penalty of perjury, and generally, "[a] verified complaint is to be treated as an affidavit for summary judgment purposes, and therefore will be considered in determining whether material issues of fact exist, provided that it meets the other requirements for an affidavit under Rule 56(e)." *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) (citation omitted).  On the other hand, Local Rule of Civil Procedure 56(a)(2) states, in pertinent part:

> The papers opposing a motion for summary judgment shall include a response to each numbered paragraph in the moving party's statement, in correspondingly numbered paragraphs and, if necessary, additional paragraphs containing a short and concise statement of additional material facts as to which it is contended there exists a genuine issue to be tried. <u>Each numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement.</u>

Local Rule 56(a)(2) (emphasis added).

In this action, although Plaintiff did not comply with Local Rule 56(a), the Court has discretion whether to overlook such failure and conduct its own review of the record.  On that point, the Second Circuit has stated:

A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.  Thus, we have previously indicated, and now hold, that while a court is not required to consider what the parties fail to point out in their Local Rule 56.1 statements, it may in its discretion opt to conduct an assiduous review of the record even where one of the parties has failed to file such a statement.

*Holtz v. Rockefeller & Co., Inc.*   258 F.3d 62, 73 (2d Cir. 2001) (citations and internal quotation marks omitted).   Here, the Court has construed Plaintiff's sworn pleading as an affidavit in opposition to Defendant's summary judgment motion, and has conducted its own review of the record.

<u>Deliberate-Indifference-to-Serious-Medical-Need Claims</u>

The Complaint purports to state an 8th Amendment "deliberate indifference" medical claim, and the law concerning such claims is clear:

In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs. This standard incorporates both objective and subjective elements. The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind.

Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation. [T]he Supreme Court [has] explained that the Eighth Amendment's prohibition on cruel and unusual punishments encompasses the deliberate failure to treat a prisoner's serious illness or injury resulting in the infliction of unnecessary pain and suffering. Because society does not expect that prisoners will have unqualified access to health care, a prisoner must first make this threshold showing of serious illness or injury in order to state an Eighth Amendment claim for denial of medical care. Similarly, a prisoner must demonstrate more than an inadvertent failure to provide adequate medical care by prison officials to successfully establish Eighth Amendment liability. An official acts with the requisite deliberate indifference when that official knows of and disregards an excessive risk to inmate health or safety, a state of mind equivalent to the familiar standard of 'recklessness' as used in criminal law.

5

*Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir.2003) (citations and internal quotations omitted). It is clear that disagreements over treatment do not rise to the level of a Constitutional violation. *See, Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Similarly, negligence constituting medical malpractice, without more, will not establish a constitutional claim. *Id*. (citation omitted).

In this context, disagreements over treatment include disagreements over whether the inmate needs to be treated by a specialist. *See, Sonds v. St. Barnabas Hosp. Correctional Health Services*, 151 F.Supp.2d 303, 312 (S.D.N.Y. 2001) ("[D]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.") (citation omitted).

Here, the Complaint [#1] alleges that Plaintiff experienced "severe pain," which the prison's "medical staff" did not alleviate, despite attempting to do so "at least a dozen times," and having performed various diagnostic procedures, all of which were negative.  Further, the Complaint alleges that the prison's "medical staff" denied Plaintiff's request to be treated by a specialist at an outside hospital, although, as discussed earlier, the record actually indicates that Plaintiff was seen, and given an ultrasound, by an outside specialist.  Apart from that, the Complaint merely offers conclusory characterizations of the alleged lack of treatment.[3]  Plaintiff has not made any specific allegations against Defendant, and the

---

[3]*See*, Complaint [#1], Statement of Facts:  "The medical staff is deliberate indifference [sic] because they are ignoring obvious conditions, failing to provide treatment for diagnosed conditions, delaying treatment, interfering with access to treatment and making medical decisions based on non-medical factors."

record indicates that Defendant, in her capacity as Nurse Administrator,  had no decision-making authority as to Plaintiff's medical treatment, and that she merely provided informational responses to two letters from Plaintiff.

Viewing these facts in the light most-favorable to Plaintiff, the Court finds, first, that the record fails to create a triable issue of fact as to whether he suffered a constitutional violation.  The facts viewed in the light most-favorable to Plaintiff describe a disagreement over proper treatment, or perhaps negligence at most.  They do not describe a deliberate lack of treatment rising to the level of a constitutional violation.

Furthermore, even assuming that a constitutional violation occurred, there is no triable issue of fact as to whether Defendant was personally involved[4] in the violation.  *See, Simpson v. Oakes*, No. 9:12–CV–1482 (GTS/DEP), 2015 WL 339408 at *11 (N.D.N.Y. Jan. 23, 2015) ("DOCCS nurse administrators work under the direction of physicians, PAs, and health services director at the respective facility where they are stationed, and do not generally provide treatment to inmates or make sick calls.  As a nurse administrator, defendant Felker had no authority to change provider assignments or to prescribe a course of treatment for an inmate.   In any event, notwithstanding defendant Felker's limited authority, the record demonstrates that she diligently responded to plaintiff's letters, advised plaintiff of the scope of her authority, and, where she was able, explained the rationale behind plaintiff's course of treatment or scheduled appointments with providers for plaintiff. In light of this evidence, I find that no reasonable factfinder could conclude that defendant

---

[4] *See, Spavone v. New York State Dept. of Correctional Services*, 719 F.3d 127, 135 (2d Cir.  2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (*quoting Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995)).

Felker either objectively deprived plaintiff of adequate medical care or subjectively deprived him of care with deliberate indifference.") (internal citations omitted).

CONCLUSION

Accordingly, Defendants' motion for summary judgment [#11] is granted, and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.  The Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated:     April 9, 2015
           Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge